```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION
```

BRIAN BISHOP AND RACHEL BISHOP                                PLAINTIFFS

VS.                                     CIVIL ACTION NO. 4:10CV49TSL-JCS

ARTHUR STURDIVANT, ALFA MUTUAL
INSURANCE COMPANY; AND DOE
DEFENDANTS, INDIVIDUAL AND
CORPORATIONS 1-10
                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Brian and Rachel Bishop to remand pursuant to 28 U.S.C. § 1447. Defendant Alfa Mutual Insurance Company (Alfa) has responded in opposition to the motion and has moved to sever, contending, *inter alia*, that plaintiffs' claims in this cause against Alfa and defendant Arthur Sturdivant have been fraudulently misjoined and hence should be severed and federal jurisdiction maintained of plaintiffs' claims against Alfa. The court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiffs' claims against Sturdivant, whose Mississippi citizenship is not diverse from that of plaintiffs, have been fraudulently misjoined with their claims against the non-resident Alfa, and the court therefore further concludes that Alfa's motion to sever should be granted, with the

court retaining jurisdiction over the claims against Alfa and remanding plaintiffs' complaint against Sturdivant.

In their complaint in this cause, which was initially brought in the Chancery Court of Wayne County, Mississippi, plaintiffs allege that in April 2008, they contracted with defendant Sturdivant for the sale/purchase of a house in Wayne County, Mississippi. Subsequently, in 2009, after having lived in the house for a short period of time, they began experiencing unexplained noxious odors in the home, adverse health effects, and damage to appliances and exposed metals in the home. Plaintiffs allege they "ultimately learned that the new home they purchased from Defendant Sturdivant had been constructed with defective Chinese manufactured drywall that was causing all of the problems in the home, the unexplained adverse health effects, and causing the home to be uninhabitable." Plaintiffs thus filed suit against Sturdivant asserting claims against him based on his alleged construction of the house with defective materials, including claims for breach of contract, breach of the duty of good faith and fair dealing, breach of express and implied warranties, negligence and gross negligence, and fraud, for all of which they have demanded rescission of the contract, injunctive relief and damages.

Plaintiffs have sued Alfa in this same lawsuit for breach of contract and breach of the duty of good faith and fair dealing,

alleging they submitted a claim under their homeowner's policy with Alfa to recover for the damage to their home, and yet Alfa "failed to appropriately, timely and adequately investigate and adjust their claim...." As against Alfa, plaintiffs seek a declaratory judgment that their policy provides coverage for their losses, and demand compensatory damages (i.e., policy benefits) and punitive damages for Alfa's alleged bad faith.

Alfa timely removed the case to this court on the basis of diversity jurisdiction, contending that the claims against it, as to which the requisites for diversity jurisdiction are met, see 28 U.S.C. § 1332, have been fraudulently misjoined with the claims against Sturdivant. Plaintiffs have moved to remand, contending the claims are properly joined and that the case must therefore be remanded.

Recently in <u>Willingham v. State Farm Insurance Co.</u>, Civil Action No. 2:09-CV-59-SA-SAA, 2009 WL 2767679 (N.D. Miss. Aug. 27, 2009), the court summarized the principles applicable to a charge of improper misjoinder in a removed case, as follows:

> In a removed case, questions of fraudulent misjoinder are determined by the state's joinder rules. <u>Palmero v. Letourneau Technologies, Inc.</u>, 542 F. Supp. 2d 499, 516 (S.D. Miss. 2008) (explaining that "[b]y utilizing the state rule 20, the district court recognizes the contours of its own jurisdiction in relation to the action as it was originally brought."). ...
> The question before the Court, therefore, is whether "[t]here is a reasonable possibility that [a Mississippi] court would find that plaintiff's claims" are properly joined. <u>Lollar v. Royal Trucking Co.</u>, 2009 U.S. Dist. LEXIS 60254, *6 (N.D. Miss. July 15, 2009)

3

(quoting Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 972 (S.D. Ind. 1999)).

Rule 20 of the Mississippi Rules of Civil Procedure provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

Miss. R. Civ. P. 20(a). In order for the joinder of multiple defendants to be proper, the claims against them must (1) share common questions of law or fact; and (2) arise out of the same transaction, occurrence, or series of transactions or occurrences. Id. ... "Before an alleged 'occurrence' will be sufficient to meet Rule 20(a)'s two factors, there must be a 'distinct litigable event linking the parties.'" Hegwood v. Williamson, 949 So. 2d 728, 730 (Miss. 2007) (quoting Wyeth-Ayerst Labs v. Caldwell, 905 So. 2d 1205, 1207 (Miss. 2005)).

The Mississippi Supreme Court has explained that, when determining whether a distinct litigable event links the parties, courts should consider:

> ... whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however, separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

Id. at 730-31 (quoting Ill. Cent. R.R. v. Gregory, 912 So. 2d 829, 834-35 (Miss. 2005)). Another factor that

4

> the Court must consider is whether the proof, when
> presented to the jury, "would be confusing due to the
> multiplicity of the facts." Id. at 731 (citing
> Wyeth-Ayerst Labs, 905 So. 2d at 1209).

Willingham, 2009 WL 2767679, at 2-3 (additional citations omitted). As the court observed in Willingham, the Mississippi Supreme Court had outlined these same general principles of joinder under Mississippi's Rule 20 in Hegwood, a case involving a two-car accident in which the driver of one of the cars sued the other car's driver for alleged negligence in causing the accident, and also sued in the same action the insurance company that insured them both, alleging the carrier had committed bad faith in the adjustment of his claim, which led to the wrongful denial of her claim. The trial court denied a motion to sever on the basis of misjoinder, but the Supreme Court reversed, stating:

> The third party tort claim against [the defendant] and
> the first party breach of contract and bad faith claims
> involve distinct litigable events. The claims against
> [the defendant] and [the insurer] arise out of separate
> allegations of wrongdoing occurring at separate times.
> While it is true that the genesis of both claims arose
> out of the accident, the two claims involve different
> factual issues and different legal issues. The car
> accident raises fact issues of how the accident occurred
> and legal issues of simple negligence (duty, breach of
> duty, proximate causation, and damages). The breach of
> contract and bad faith claims raise fact issues of what
> occurred between the two insurance adjusters and how
> they made their decisions and legal issues of
> interpretation of insurance policies and bad faith under
> which an award of punitive damages may or may not be
> appropriate. The negligence claim would be proven by
> different witnesses (the two drivers, eyewitnesses to
> the accident, law enforcement, and accident re-enactment
> experts) from that of the bad faith claim (insurance
> agents and management).

5

Hegwood, 949 So. 2d at 731. See also Nsight Technologies, LLC v. Federal Ins. Co., Civil Action No. 3:09-cv-6-WHB-LRA, 2009 WL 1106868 (S.D. Miss. Apr. 23, 2009) (applying Hegwood analysis to conclude that plaintiff employer's claim against employee for conversion was fraudulently misjoined with its claim against employer's insurer for bad faith denial of claim for coverage for loss caused by employee's conversion). In the court's opinion, the same is true in this case. There is not a distinct litigable event linking the claims against Sturdivant and Alfa. Rather, the claims against Sturdivant relating to his alleged defective construction and the first party breach of contract and bad faith claims against Alfa involve distinct litigable events which arise out of separate allegations of wrongdoing occurring at separate

times.[1]  The claims involve entirely separate legal issues and primarily separate proof.[2]

Because the court concludes the claims against defendants have been misjoined, the court further concludes that Alfa's motion to sever should be granted, and that the claims against Alfa, over which this court has diversity jurisdiction, should remain in this court and the claims against Sturdivant, over which the court lacks subject matter jurisdiction, should be remanded.

---

[1] Each count of plaintiffs' complaint indicates the defendant to which the count is directed; some are identified as being against Sturdivant, some against Alfa and some are purportedly against both defendants.  However, some of the counts that plaintiffs have nominally identified as being against both Sturdivant and Alfa clearly allege separate and distinct claims against the respective defendants.  For example, while the breach of contract count is brought against both defendants, this count alleges that Sturdivant breached the construction contract and that Alfa breached the insurance contract; and the related breach of the good faith and fair dealing count and tortious breach of contract counts allege each defendant breached his/its respective duties of good faith in their respective contracts with plaintiffs.  Other counts identified as having been brought against both defendants, including counts for fraud, gross negligence, estoppel and detrimental reliance, clearly are not brought against the defendants jointly, or based on related facts, but rather the defendants have been lumped together in these counts for no apparent reason, other than, perhaps, to create an illusion that the claims are somehow related, when clearly, they are not.

[2] The court acknowledges there could be some slight overlap in the proof relevant to the claims against defendants, e.g., as it relates to plaintiffs' claimed losses, but this is not a sufficient connection to warrant joinder of plaintiffs' disparate claims against the two defendants.

7

See Palermo, 542 F. Supp. 2d at 524 ("Removal and severance will be allowed only if the claims were improperly joined under state law at the action's inception. The standard ... protects both the right of a plaintiff to choose his own forum and the right of a defendant when faced with misjoinder in the state court.").

Accordingly, it is ordered that Alfa's motion to sever is granted, and it is further ordered that plaintiffs' motion to remand is denied as to plaintiff's claims against Alfa but granted as to their claims against Sturdivant.

SO ORDERED this 6th day of August, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE